**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ROSIE MARIE (FIORE) DIANA,**
*Vet. Salvatore Raymond Fiore (estate of); Sp. Patricia DeLores (Fiore) Gaetano (estate of),*

         **Plaintiff,**

 vs.              6:17-cv-0376
                   (MAD/TWD)
**SEAN J. STACKLEY, et al.,**

         **Defendants**
_____

**APPEARANCES:**          **OF COUNSEL:**

**ROSIE MARIE (FIORE) DIANA**
9503 Aitken Avenue
Whitesboro, New York 13492
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

## I. INTRODUCTION

  On April 5, 2017, *pro se* Plaintiff Rosie Marie (Fiore) Diana ("Plaintiff") commenced this action against Sean J. Stackley, in his capacity as Secretary of Navy; the Department of Veterans Affairs ("VA"); the Veteran's Administration Hospital of Syracuse ("VA Hospital"), New York; Utica State Hospital; the City of Utica Civil Service Department; the City of Utica Fire Department; the Oneida County Veterans Service Offices; the Oneida County Department of Social Services; Delta Airlines Inc.; Pan American International Flight Academy ("Pan Am"); the New York State Office of the Attorney General; the U.S. Navy (the "Navy"); and the Federal Aviation Administration, also known as Bureau of Aeronautics (collectively "Defendants"). *See* Dkt. No. 1 at 1-3.

Plaintiff alleges that she was entitled to helpless child benefits under the Veterans Administration Act, Federal Tort Claims Act ("FTCA") compensation for her father, mother, and herself, and her father's retroactive veterans benefits. *Id.* at ¶ 20. Additionally, Plaintiff alleges that the Navy, the VA, and the VA Hospital are all liable under the FTCA, along with all other defendants for failing to meet the duty of care owed to her family by refusing "to assist [her father] in receiving benefits under the Veterans Administration." *Id.* at ¶ 24.

In an Order and Report-Recommendation dated June 6, 2017, Magistrate Judge Therese W. Dancks granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") and recommended a complete dismissal of her complaint without leave to amend. *See* Dkt. No. 7 at 2, 16. On July 21, 2017, Plaintiff filed objections to Magistrate Judge Dancks' Order and Report-Recommendation. *See* Dkt. No. 11.

Presently before the Court are Magistrate Judge Dancks' Order and Report-Recommendation and Plaintiff's objections.

## II. BACKGROUND

Plaintiff's father, Salvatore Fiore ("Fiore"), served in the United States Navy during World War II on Funafuti Atoll. *See* Dkt. No. 1 at ¶ 5. On July 31, 1944, a Pan Am flight crashed while taking off, prompting quick action from the seamen stationed on the island. *See id.* at ¶ 6. According to Plaintiff, the initial inquest into the crash was "covered up or botched." *Id.* The report was designated "confidential." *Id.*

Fiore was discharged in 1947 and at some point married Plaintiff's mother. *Id.* at ¶ 7. In 1948, he sought benefits and treatment for trauma that he believed was related to the accident, but was denied. *See id.* at ¶ 9. A year later, Plaintiff was born. *See id.* at ¶ 7. According to Plaintiff's complaint, two days before she was born, her father was arrested for domestic abuse.

2

*See id.* at ¶ 8. Plaintiff believes that this abuse led to her being born with deformed vertebrae, which she states has left her unable to work. *See id.* at ¶ 9.

Plaintiff's complaint states that Fiore was diagnosed with schizophrenia in 1956. *See id.* at ¶ 12. In 1958 and 1983, Fiore attempted to have his benefits modified to account for disabilities he believed resulted from the 1944 crash. *See id.* at ¶ 13. The VA denied his claim. *See id.* After his death, Plaintiff became the executor of his estate. *See id.* at ¶ 18.

In 2008, upon discovering that the Navy "botched" the initial report, Plaintiff "filed a claim in the Court of Claims to obtain . . . Helpless Child Benefits and amend her father's record." *Id.* at ¶ 14. In August 2009, the VA denied her claim. *See id.* at ¶ 15.

On May 11, 2010, Plaintiff brought her first complaint in federal court under 42 U.S.C. § 1983 against the Navy, the VA, the VA Hospital, and Utica State Hospital for improperly denying her father's benefits. Dkt. No. 7 at 9. On October 6, 2010, the Court dismissed Plaintiff's original claim with leave to amend on the grounds that § 511(a) of the Veteran's Judicial Review Act precludes judicial review of a determination by the Veteran's Administration on a claim for benefits. *Id.* at 10. Plaintiff filed an amended complaint on December 13, 2010, which included a claim under the FTCA that the defendants breached the duty of care owed to her father for failing to provide assistance in receiving benefits. *Id.* On February 8, 2011, District Judge David N. Hurd *sua sponte* dismissed the complaint on the grounds that Plaintiff could not avoid the effect of § 511(a) by dressing her benefits claim in the language of the FTCA. *Id.* at 11. On November 4, 2011, the Second Circuit held that the appeal lacked any basis in law or fact and dismissed the appeal. *Id.* at 11.

Plaintiff commenced her second action in this district in 2015 against a litany of federal, state, municipal, and private defendants. *Id.* at 11. The district court dismissed the claims as

3

outside of the court's subject matter jurisdiction. *Id.* at 12-13. Again, the appeal was dismissed. *Id.*

In 2016, Plaintiff initiated an administrative action against the Navy, which included an FTCA claim. *See id.* at 7. On October 6, 2016, the Navy denied her FTCA claim on the grounds that the claim had accrued more than two years prior to the date that she initiated the administrative proceeding, barring her from relief under 29 U.S.C. § 2401(b). *See id.*

Plaintiff initiated this action on April 5, 2017. Dkt. No. 1 at 1. In her Order and Report-Recommendation, Magistrate Judge Dancks recommended that the Court dismiss the complaint because the Court lacks subject matter jurisdiction. *See* Dkt. No. 7 at 15. Plaintiff lodged a single specific objection that her discovery of the crash report in 2008 was not sufficient notice to trigger FTCA claim accrual. *See* Dkt. No. 11 at 2-3.

### III. DISCUSSION

**A.     Standard of Review**

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "'the court has the duty to show liberality towards *pro se* litigants,' however, 'there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis.'" *Griffin v. Doe*, 71 F. Supp. 3d 306, 311 (N.D.N.Y. 2014) (quoting *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994)); *see also Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

When reviewing a complaint under 28 U.S.C. § 1915(e), courts are guided by applicable requirements of the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a) "does not require 'detailed factual allegations,' . . . it demands more than an unadorned" recitation of the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (other citations omitted).

A federal court has an independent duty to determine whether the court has subject matter jurisdiction to adjudicate the complaint. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Where subject matter jurisdiction is lacking, dismissal is mandatory. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Therefore, although courts "construe a *pro se* plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 Fed. Appx. 194, 195 (2d Cir. 2005) (internal citation omitted).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

A *pro se* litigant's objections to a Report and Recommendation should be accorded leniency so long as they are "specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (quotation omitted); *see also IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2008 WL 4810043, *1 (S.D.N.Y. Nov. 3, 2008) ("To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error").

**B.     The Order and Report-Recommendation**

Here, Magistrate Judge Dancks recommended that the Court dismiss Plaintiff's benefit claims due to a lack of subject matter jurisdiction. Dkt. No. 7 at 15. Since Plaintiff did not submit any objections asserting this Court's jurisdiction for benefits claims, the Court has reviewed the Order and Report-Recommendation for clear error and found none.

Magistrate Judge Dancks recommended that the Court dismiss Plaintiff's FTCA claim on the grounds that it was actually a benefits claim and thus the Court lacks subject matter jurisdiction. Dkt. No. 7 at 15. Since Plaintiff did not submit any specific to this part of the Recommendation-Report, the Court has reviewed the Report-Recommendation for clear error.

A benefits claim brought under the FTCA does not provide the Court jurisdiction. *See Brown v. United States*, No. 10-CV-497A, 2011 WL 4439314, *1 (W.D.N.Y. Sept. 23, 2011) (citing *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994)); *Di Silvestro v. United States*, 181 F. Supp. 860, 861 (E.D.N.Y. 1960). In *Brown*, the plaintiff suffered harm as a result of his veterans benefits being terminated in the midst of a dental procedure. *See Brown*, 2011 WL 4439314

at *1. The *Brown* court held that because the alleged tort was a change in benefits, the court lacked jurisdiction to hear the complaint. *See id.*

Here, the heart of Plaintiff's FTCA claim is that the VA repeatedly refused to recognize that her father's mental and physical ailments were tied to his service in the Pacific. *See* Dkt. No. 1 at ¶ 24. According to her complaint, this failure resulted in a domino effect causing all of the other hardships Plaintiff and her family have endured. *See id.* at ¶ 9. Therefore, because the tortious action is the denial of benefits, the FTCA cannot be used to give this court jurisdiction. Finding no clear error in Magistrate Judge Dancks' Order and Report-Recommendation, this Court adopts its findings that the Court lacks subject matter jurisdiction to address the FTCA claim.

Normally, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). However, where there is a substantive defect that cannot be cured through a better pleading, the Court need not grant this opportunity. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Since Plaintiff did not submit any specific objections as to whether she should be afforded leave to amend, the Court has reviewed the Report-Recommendation for clear error. Finding no clear error, and for the reasons stated in Magistrate Judge Dancks' Order and Report-Recommendation, leave to amend is denied.

**C.     The Objection**

Plaintiff's objection notes that the initial discovery of the declassified documents was only a "'partial' discovery." *See* Dkt. No. 11 at 2. Under the more lenient standard afforded *pro se* litigants, this can be interpreted as a specific objection relating to the tolling of the statute of

limitations and will be reviewed *de novo*. Plaintiff's remaining objections are a general plea for justice or are not legally material to her claims. *See* Dkt. No. 11 at 2-3.

Under the FTCA, a claim is forever barred after two years have accrued from when the claim becomes ripe. *See* 29 U.S.C. § 2401(b). However, the FTCA time bar is not a jurisdictional bar, but a statute of limitations defense. *See United States v. Kwai Fun Wong*, 135 S.Ct. 1625, 1634 (2015). As a dismissal under a statute of limitations is a judgment on the merits, *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995), the issue cannot be adjudicated when there is no subject matter jurisdiction. *See Ruhrgas AG*, 526 U.S. at 583 (quoting *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 101-02 (1998)).

Here, the Court lacks subject matter jurisdiction, so it is unable to address the merits of the case, including whether the complaint was timely. Thus, Plaintiff's objection is not a relevant objection to the Order and Report-Recommendation.

Having carefully reviewed Magistrate Judge Dancks' Order and Report-Recommendation, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation (Dkt. No. 7) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 26, 2017
      Albany, New York

*Mae A. D'Agostino*
U.S. District Judge